# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLARENCE DACE N·22471

_____

_____

Plaintiff/Petitioner(s),

-vs-

RACHEL SMITH-VASQUEZ, LT. WALLER
SGT. McDANIEL, WILLIAM SPILLER,
c/o WHITE, ALAN MARTIN, REARDON,
c/o HARRIS, c/o COWAN, c/o MAUE,
c/o JASON VASQUEZ, c/o JOHN DOE, HOFFMAN
and REGINA SUMMERS Defendant/Respondent(s).

Docket No. 06-992-DRH
**(To be supplied by the Clerk)**

■ **CIVIL RIGHTS COMPLAINT**
pursuant to 42 U.S.C. §1983
(State Prisoner)

☐ **CIVIL RIGHTS COMPLAINT**
pursuant to 28 U.S.C. §1331
(Federal Prisoner)

☐ **CIVIL COMPLAINT**
pursuant to the Federal Tort Claims
Act, 28 U.S.C. §§1346, 2671-2680

**FILED**

I. **JURISDICTION**   28 U.S.C. 1331

A. Plaintiff's mailing address and/or register number and present place of confinement.

CLARENCE DACE N22471 P.O. BOX 711 MENARD, IL 62259

B. Defendant _____ RACHEL SMITH-VASQUEZ _____ is employed as
(Name of First Defendant)
CORRECTIONAL OFFICER
(Position/Title)
with ILLINOIS DEPARTMENT OF CORRECTIONS
(Employer's Name and Address)
MENARD C.C. P.O. BOX 711 MENARD, IL 62259

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the
state, local or federal government?
Yes ⊠          No ( )

If your answer is "yes", briefly explain:

RACHEL SMITH-VASQUEZ WAS A CORRECTIONAL OFFICER
ASSIGNED TO NORTH PROTECTIVE CUSTODY UNIT AT THE TIME
OF CLAIMS.

Rev. 2/00

C. DEFENDANT <u>LIEUTENANT WALLER</u> WAS EMPLOYED AS 'CORRECTIONAL LIEUTENANT' AT MENARD C.C. WITH THE ILLINOIS DEPARTMENT OF CORRECTIONS AT P.O. BOX 711 MENARD, IL 62259.

D. DEFENDANT <u>SERGEANT MC DANIEL</u> WAS EMPLOYED AS 'CORRECTIONAL SERGEANT' AT MENARD C.C. WITH THE ILLINOIS DEPARTMENT OF CORRECTIONS AT P.O. BOX 711 MENARD, IL 62259.

E. DEFENDANT <u>WILLIAM SPILLER</u> WAS EMPLOYED AS 'ASSISTANT WARDEN' AT MENARD C.C. WITH THE ILLINOIS DEPARTMENT OF CORRECTIONS AT P.O. BOX 711 MENARD, IL 62259.

F. DEFENDANT <u>OFFICER WHITE</u> WAS EMPLOYED AS 'CORRECTIONAL OFFICER' AT MENARD C.C. 11-7 SHIFT WITH THE ILLINOIS DEPARTMENT OF CORRECTIONS AT P.O. BOX 711 MENARD, IL 62259.

G. DEFENDANT <u>ALAN MARTIN</u> WAS EMPLOYED AS 'ASSISTANT WARDEN' AT MENARD C.C. WITH THE ILLINOIS DEPARTMENT OF CORRECTIONS AT P.O. BOX 711 MENARD, IL 62259.

H. DEFENDANT <u>COUNSELOR HEARDON</u> WAS EMPLOYED AS 'CORRECTIONAL COUNSELOR' AT MENARD C.C. WITH ILLINOIS DEPARTMENT OF CORRECTIONS AT P.O. BOX 711 MENARD, IL 62259.

I. DEFENDANT <u>OFFICER HARRIS</u> WAS EMPLOYED AS 'CORRECTIONAL OFFICER' AT MENARD C.C. AT P.O. BOX 711 MENARD, IL 62259.

J. DEFENDANT <u>OFFICER COWAN</u> WAS EMPLOYED AS 'CORRECTIONAL OFFICER' AT MENARD C.C. AT P.O. BOX 711 MENARD, IL 62259.

K. DEFENDANT <u>OFFICER MAUE</u> WAS EMPLOYED AS 'CORRECTIONAL OFFICER' AT MENARD C.C. AT P.O. BOX 711 MENARD, IL 62259.

L. DEFENDANT <u>JASON VASQUEZ</u> WAS EMPLOYED AS 'CORRECTIONAL OFFICER' AT MENARD C.C. AT P.O. BOX 711 MENARD, IL 62259.

M. DEFENDANT <u>OFFICER JOHN DOE</u> WAS EMPLOYED AS 'CORRECTIONAL OFFICER' AT MENARD C.C. AT P.O. BOX 711 MENARD, IL 62259.

N. DEFENDANT <u>OFFICER HOFFMAN</u> WAS EMPLOYED AS 'CORRECTIONAL OFFICER' AT MENARD C.C. AT P.O. BOX 711 MENARD, IL 62259.

O. DEFENDANT <u>REGINA SUMMERS</u> WAS EMPLOYED AS 'CORRECTIONAL COUNSELOR' AT MENARD C.C. AT P.O. BOX 711 MENARD, IL 62259.

ALL DEFENDANTS WAS EMPLOYED AT MENARD CORRECTIONAL CENTER AT THE TIME OF ALL PLAINTIFF'S CLAIMS.

<u>F.N.:</u> DEFENDANT 'JOHN DOE' IS THE CHECKING OFFICER SIGNATURE ON <u>EXHIBIT G</u>. BADGE NUMBER APPEAR TO BE # H000.

# PREVIOUS LAWSUITS

## PARTIES TO PREVIOUS LAWSUITS

1. PLAINTIFF: CLARENCE DACE

2. DEFENDANTS: JAMES FAIRMAN, GREG RICKER, HOWARD BAKER, KENNETH BRIELY AND CHEARY

3. COURT: U.S. DISTRICT COURT NORTHERN DISTRICT

4. DOCKET NUMBER: 88 C 2958

5. JUDGE: CHARLES NORGLE

6. DISPOSITION: DISMISSED

7. DATE OF FILING: MARCH 24 1988

8. DATE OF DISPOSITION: JUNE 18, 1989


1. PLAINTIFF: CLARENCE DACE

2. DEFENDANTS: THOMAS PAGE et. al

3. COURT: U.S. DISTRICT COURT SOUTHERN DISTRICT

4. DOCKET NUMBER: 98-762

5. JUDGE: HONORABLE DAVID R. HERNDON

6. DISPOSITION: OUT OF COURT SETTLEMENT VOLUNTARY DISMISSAL

7. DATE OF FILING: SEPTEMBER 29, 1998

4

1. Plaintiff: CLARENCE DACE
2. Defendants: GEORGE WELBERN, MARVIN POWERS AND TERRY CALIPER
3. Court: U.S. DISTRICT COURT SOUTHERN DISTRICT
4. Docket number: 99 - 23 - JPG
5. Judge: "GILBERT", TRANSFERRED TO HONORABLE P. RILEY
6. Disposition: DISMISSED WITHOUT PREJUDICE
7. Date of Filing: JANUARY 12, 1999
8. Date of Disposition: August 18, 2000

1. Plaintiff: CLARENCE DACE
2. Defendants: JERRY STERNES et. al
3. Court: U.S. DISTRICT COURT NORTHERN DISTRICT WESTERN
4. Docket number: ?
5. Judge: ?
6. Disposition: DISMISSED
7. Date of Filing: MARCH 2001

1. Plaintiff: CLARENCE DACE
2. Defendants: DONALD SNYDER, NANCY TUCKER, JAMES SCHOMIG, ELLEN PETRI AND WALTER BRYAN
3. Court: U.S. DISTRICT COURT CENTRAL DISTRICT
4. Docket number: 02 - 61656
5. Judge: HONORABLE HAROLD BAKER
6. Disposition: DISMISSED WITHOUT PREJUDICE
7. Date of Filing: MAY 14, 2002
8. Date of Disposition: MARCH 7, 2005

5

1.   Parties to previous lawsuits:
Plaintiff(s) _____

_____

Defendant(s) _____

_____

_____

2.   Court (if Federal Court, name the District; if State Court, name the County)

_____

3.   Docket number _____

4.   Name of Judge to whom case was assigned _____

5.   Type of case (for example   Was it a Habeas Corpus or Civil Rights action?)

_____

6.   Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?)

_____

7.   Approximate date of filing lawsuit _____

8.   Approximate date of disposition _____

## III.   GRIEVANCE PROCEDURE

A.   Is there a prisoner grievance procedure in the institution? _____YES_____

B.   Did you present the facts relating to your complaint in the prisoner grievance procedure? Yes (X) No ( )

C.   If your answer is "yes",
    1.   What steps did you take? TIMELY SUBMITTED GRIEVANCES TO COUNSELORS AND LETTERS TO ASSISTANT WARDENS

    2.   What was the result? COUNSELOR REFUSED TO RESPOND TO GRIEVANCES, THEREFORE I RESUBMITTED GRIEVANCES TO ADMINISTRATIVE REVIEW BOARD

D.   If your answer is "no", explain why not. N/A

_____

_____

_____

Rev. 2/00

-●-

b

E.  If there is no prisoner grievance procedure in the institution, did you complaint to prison authorities?  Yes (X)   No ( )

F.  If your answer is "yes",

1.  What steps did you take? TIMELY SUBMITTED GRIEVANCES AND SUBMITTED LETTERS TO BOTH ASSISTANT WARDENS

2.  What was the result? THE ADMINISTRATIVE REVIEW BOARD REFUSED TO PROCESS GRIEVANCES SEE ATTACHED EXHIBITS

G.  If your answer is "no", explain why not. N/A

H.  Attach copies of your request for an administrative remedy and the response(s) you received. If you cannot do so, explain why not:
EXHIBITS ATTACHED

## IV.  STATEMENT OF CLAIM

State here, as briefly as possible, the FACTS of your case.  State who, what, when, where and how you feel your constitutional rights were violated.  Do not cite cases or statutes.  If you choose to submit legal arguments or citations, you must do so in a separate memorandum of law.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  If your claims relate to prison disciplinary proceedings, **attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits.**

**Only two (2) extra pages (8½ x 11") are permitted, if necessary, to complete your statement of claim.**  Additionally, attach any relevant, supporting documentation.

COUNT I
DELIBERATE INDIFFERENCE / CRUEL AND UNUSUAL PUNISHMENT

1.  SEPTEMBER 1998 PLAINTIFF FILED A CIVIL COMPLAINT UNDER U.S.C. SECTION 1983 IN THIS DISTRICT COURT.

2.  THE CIVIL COMPLAINT DALE V. PAGE et. al 98-762-DRH NAMED 38 DEFENDANTS THAT WERE MENARD PRISON OFFICIALS.

3.  THE CIVIL COMPLAINT STATED CLAIMS HOW PLAINTIFF WAS PHYSICALLY AND MENTALLY ABUSED BY MENARD CORRECTIONAL OFFICIALS.

4. ON JULY 19, 2004 PLAINTIFF WAS TRANSFERRED BACK TO MENARD CORRECTIONAL CENTER.

5. ON AUGUST 2, 2004 PLAINTIFF WAS PLACED IN NORTH ONE UNIT.

6. ON AUGUST 26, 2004 DEFENDANT RACHEL SMITH-VASQUEZ STATED TO PLAINTIFF THAT A LOT OF STAFF DISLIKE YOU BECAUSE OF A LAWSUIT YOU FILED AGAINST MENARD.

7. PLAINTIFF RESPONDED: I'M AWARE OF THE FACT.

8. ON NOVEMBER 23, 2004 PLAINTIFF WAS ORDERED TO MOVE FROM CELL NORTH 312 TO NORTH 368 DIRECTLY ACROSS FROM THE YARD EXIT DOOR.

9. ON DECEMBER 8, 2004 THE HEAT WAS TURNED OFF AT THE FRONT SECTION OF 3 AND 4 GALLERY PROTECTIVE CUSTODY UNIT WHERE PLAINTIFF WAS ASSIGNED TO.

10. PLAINTIFF BEGAN TO FEEL THE COLD WINTER AIR COMING FROM THE APPROXIMATE INCH CRACK AT THE BOTTOM OF THE YARD INTO PLAINTIFF'S CELL.

11. AFTER A FEW DAYS WITHOUT HEAT THE PROTECTIVE CUSTODY UNIT BECAME EXCESSIVELY COLD INSIDE.

12. PLAINTIFF AND OTHER INMATES BEGAN COMPLAINING TO DEFENDANTS SMITH-VASQUEZ, LIEUTENANT WALLER AND SERGEANT McDANIEL OF BEING TOO COLD IN OUR CELLS.

13. DEFENDANTS SMITH-VASQUEZ, WALLER AND McDANIEL STATED THEY KNOW THE HEAT IS NOT WORKING AND WILL PUT IN A WORK ORDER TO HAVE THE RADIATORS FIXED.

14. AS DAYS PAST PLAINTIFF BECAME SO COLD THAT PLAINTIFF HAD TO WEAR SWEAT CLOTHING, SOCKS, COAT AND A SKULLCAP AND PLAINTIFF WAS STILL EXCESSIVELY COLD.

15. PLAINTIFF WOULD BE FULLY CLOTHED AND LAYING UNDER A BLANKET AND STILL WOULD BE EXCESSIVELY COLD ALSO DUE TO THE COLD WINTER AIR COMING THROUGH THE CRACK IN THE YARD DOOR INTO PLAINTIFF'S CELL.

16. DEFENDANTS SMITH-VASQUEZ, MUELLER AND RIC DANIEL DISREGARDED PLAINTIFF'S HEALTH & HIS WELL-BEING SUBJECTING PLAINTIFF TO COLD WINTER AIR WITHOUT HEAT RETALIATING AGAINST PLAINTIFF BECAUSE OF PLAINTIFF'S PREVIOUS CIVIL COMPLAINT AGAINST MEDVED.

17. ON DECEMBER 14, 2004 PLAINTIFF SUBMITTED A GRIEVANCE TO DEFENDANT COUNSELOR REARDON CONCERNING THE HEAT BEING OFF AND PLAINTIFF BEING SUBJECTED TO EXCESSIVE COLDNESS.

18. ON DECEMBER 15, 2004 PLAINTIFF SUBMITTED A LETTER TO DEFENDANT ASSISTANT WARDEN WILLIAM SPILLER CONCERNING PLAINTIFF NOT BEING PROVIDED HEAT AND BEING SUBJECTED TO EXCESSIVE COLDNESS.

19. DEFENDANT REARDON DID NOT RESPOND TO PLAINTIFF'S GRIEVANCE AND DEFENDANT SPILLER DID NOT RESPOND TO PLAINTIFF'S LETTER.

20. PLAINTIFF HAD BEGIN SUFFERING FROM A SEVERE COLD AND ON DECEMBER 16, 2004 PLAINTIFF WENT TO 'SICK CALL' TO RECEIVE MEDICAL TREATMENT FROM A NURSE.

21. ON DECEMBER 17, 2004 SOME MAINTENANCE WORKERS CAME ON 2 GALLERY AND BANGED ON THE HEATER FRAME FOR ABOUT A MINUTE AND LEFT AND THE HEAT WAS STILL OFF.

22. DUE TO DEFENDANT REARDON NOT RESPONDING TO PLAINTIFF'S GRIEVANCE AS WELL AS DEFENDANT SPILLER PLAINTIFF SENT A GRIEVANCE TO THE ADMINISTRATIVE REVIEW BOARD, SEE ATTACHED EXHIBITS A & B.

22. PLAINTIFF HAD STATED TO THE MAINTENANCE WORKERS THAT PLAINTIFF KNOWS THAT THE HEAT WAS INTENTIONALLY TURNED OFF AND THAT PLAINTIFF IS NOT A ANIMAL FOOL.

23. ON DECEMBER 17, 2004 PLAINTIFF STATED TO DEFENDANT SMITH-VASQUEZ THAT THE COLDNESS HAD MADE PLAINTIFF SICK AND THAT PLAINTIFF IS BEING SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT.

24. DEFENDANT SMITH-VASQUEZ RESPONDED," I KNOW YOU'VE BEEN FREEZING AND THAT'S WHY YOU WERE MOVED BY THE YARD DOOR".

25. BY DECEMBER 22, 2004 THE TEMPERATURE BECAME EVEN COLDER DUE TO A WINTER STORM.

26. ON DECEMBER 23, 2004 PLAINTIFF COLD SICKNESS AND HEADACHES HAD WORSENED AND PLAINTIFF WENT TO ' SICKCALL AGAIN.

27. FOR MORE THAN TWO WEEKS PLAINTIFF AND OTHER INMATES CONTINUOUSLY COMPLAINED TO DEFENDANTS SMITH-VASQUEZ, WALLER AND MC DANIEL OF EXCESSIVE COLDNESS AND ASKED TO BE PROVIDED HEAT.

28. DESPITE PLAINTIFF'S COMPLAINTS OF EXCESSIVE COLDNESS TO DEFENDANTS SMITH-VASQUEZ, WALLER, MCDANIEL, REARDON AND SPILLER THE DEFENDANTS DISREGARDED PROVIDING PLAINTIFF ADEQUATE HEATING BEING DELIBERATE INDIFFERENCE TO PLAINTIFF'S HEALTH CONSTITUTING CRUEL AND UNUSUAL PUNISHMENT VIOLATING THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION. 10

29. WHILE THERE WAS NO HEAT IN DEATH PROTECTIVE CUSTODY UNIT STAFF MEMBERS WOULD ALWAYS HAVE ON THEIR COATS WHENEVER THEY ENTERED 2 AND 4 GALLERY PROTECTIVE CUSTODY UNIT.

30. FROM DECEMBER 8, 2004 TO DECEMBER 24, 2004 PLAINTIFF WAS SUBJECTED TO EXCESSIVE COLDNESS WITHOUT ADEQUATE HEATING WHILE IN DEATH PROTECTIVE CUSTODY UNIT.

DEFENDANTS SMITH-VASQUEZ, LT. WALLER, Sgt. MC DANIEL, COUNSELOR REARDON AND ASSISTANT WARDEN WILLIAM SPILLER ALL ACTED UNDER COLOR OF STATE LAW IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES WHEN ALL DEFENDANTS KNOWINGLY WITH CULPABLE STATE OF MINDS DISREGARDED SUBSTANTIAL RISK OF A DANGEROUS CONDITION THAT POSED A THREAT TO PLAINTIFF'S HEALTH. THE DEFENDANTS WERE DELIBERATE INDIFFERENCE TO PLAINTIFF'S RIGHT TO BE PROVIDED ADEQUATE HEATING SUBJECTING PLAINTIFF TO EXCESSIVE WINTER COLDNESS CONSTITUTING CRUEL AND UNUSUAL PUNISHMENT VIOLATING PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983.

WHEREFORE, PLAINTIFF PRAYS THE HONORABLE COURT FOR JUDGMENT IN HIS FAVOR AGAINST ALL DEFENDANTS AND REQUEST THAT THIS COURT GRANT THE FOLLOWING RELIEF;

A. ISSUE A DECLARATORY JUDGMENT THAT DEFENDANTS VIOLATED THE UNITED STATES CONSTITUTION AND U.S.C. 1983.

B. AWARD PLAINTIFF COMPENSATORY DAMAGES OF A SUM OF $20,000 AND PUNITIVE DAMAGES OF A SUM OF $10,000 FROM EACH DEFENDANT.

C. AWARD PLAINTIFF COSTS AND ATTORNEY FEES.

D. AWARD PLAINTIFF ANY OTHER RELIEF THIS COURT DEEMS JUST.

11

# COUNT II.

## AGGRAVATED BATTERY / CRUEL AND UNUSUAL PUNISHMENT

31. ON DECEMBER 28, 2014 DURING THE 11-7 SHIFT IN NORTH PROTECTIVE CUSTODY UNIT DEFENDANT OFFICER WHITE WAS SERVING BREAKFAST TO INMATES.

32. PLAINTIFF STATED TO DEFENDANT WHITE THAT PLAINTIFF DID NOT WANT A FOOD TRAY AND THAT PLAINTIFF ONLY WANTED A JUICE.

33. DEFENDANT WHITE THEN THREW A FULL CARTON OF JUICE WITH FORCE INTO PLAINTIFF'S CELL HITTING PLAINTIFF IN THE STOMACH CAUSING SHARP PAIN TO PLAINTIFF'S STOMACH.

34. DEFENDANT WHITE THEN STATED THAT HE WAS GOING TO HIT PLAINTIFF WITH ANOTHER JUICE.

35. PLAINTIFF THEN INFORMED ANOTHER OFFICER THAT DEFENDANT WHITE HAD HIT PLAINTIFF WITH A JUICE AND PLAINTIFF REQUESTED TO SPEAK TO THE SERGEANT.

36. THE SERGEANT REFUSED TO COME SPEAK TO PLAINTIFF.

DEFENDANT OFFICER WHITE ACTED UNDER COLOR OF STATE LAW IN HIS INDIVIDUAL AND OFFICIAL CAPACITY WHEN HE INTENTIONALLY AND MALICIOUSLY INFLICTED UNNECESSARY AND WANTON INFLICTION OF PAIN TO PLAINTIFF BY STRIKING PLAINTIFF WITH A JUICE IN A RETALIATORY MANNER AND SUCH AN ASSAULT CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT VIOLATING PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983.

FN: 3 COUNSELOR REARDEN REFUSED TO RESPOND TO PLAINTIFF'S DECEMBER 28, 2014 GRIEVANCE AGAINST DEFENDANT WHITE, THEREFORE PLAINTIFF SENT A GRIEVANCE TO THE ADMINISTRATIVE REVIEW BOARD, SEE ATTACHED EXHIBITS C & D.

12

WHEREFORE, PLAINTIFF PRAYS THE HONORABLE COURT FOR JUDGMENT IN HIS FAVOR AGAINST DEFENDANT WHITE AND REQUEST THAT THE COURT GRANT THE FOLLOWING RELIEF;

A. ISSUE A DECLARATORY JUDGMENT THAT THE DEFENDANT VIOLATED THE UNITED STATES CONSTITUTION AND 42. U.S.C. 1983.

B. AWARD PLAINTIFF COMPENSATORY DAMAGES OF A SUM OF $ 10,000 AND PUNITIVE DAMAGES OF A SUM OF $ 5,000 FROM DEFENDANT WHITE.

C. AWARD PLAINTIFF COSTS AND ATTORNEY FEES.

D. AWARD PLAINTIFF ANY OTHER RELIEF THIS COURT DEEMS JUST.

## COUNT III.

## RETALIATORY CRUEL AND UNUSUAL PUNISHMENT

37. ON FEBRUARY 4, 2005 WHILE IN NORTH PROTECTIVE CUSTODY PLAINTIFF WAS ELIGIBLE TO GO TO THE COMMISSARY BUILDING TO PURCHASE COMMISSARY.

38. WHILE DEFENDANT SMITH-VASQUEZ WAS KEYING INMATES OUT THEIR CELLS TO GO TO COMMISSARY DEFENDANT SMITH-VASQUEZ IN A RETALIATORY MANNER REFUSED TO LET PLAINTIFF OUT THE CELL TO GO TO COMMISSARY.

39. PLAINTIFF STATED TO DEFENDANT SMITH-VASQUEZ THAT PLAINTIFF IS ELIGIBLE TO GO TO COMMISSARY.

40. DEFENDANT SMITH-VASQUEZ RESPONDED "I KNOW YOU'RE ELIGIBLE TO GO TO COMMISSARY BUT LT. WALLER AND SGT. MC DANIEL TOLD ME NOT TO LET YOU GO TO COMMISSARY".

41. DEFENDANTS SMITH-VASQUEZ, WALLER AND MC DANIEL DEPRIVED PLAINTIFF COMMISSARY SHOP IN A RETALIATORY MANNER BECAUSE OF PLAINTIFF'S PREVIOUS LAWSUIT AND GRIEVANCES AGAINST MENARD C.C. OFFICIALS.

42. FEBRUARY 9, 2005 PLAINTIFF SUBMITTED A GRIEVANCE TO COUNSELOR REARDON CONCERNING PLAINTIFF BEING DEPRIVED COMMISSARY SHOP.

43. FEBRUARY 11, 2005 PLAINTIFF SUBMITTED A LETTER TO DEFENDANT ASSISTANT WARDEN ALAN MARTIN INFORMING HIM THAT PLAINTIFF WAS DEPRIVED COMMISSARY SHOP AND REQUESTED PLAINTIFF'S FEBRUARY COMMISSARY SHOP.

14

44. DEFENDANT REARDON NEVER RESPONDED TO PLAINTIFF'S COMMISSARY GRIEVANCE DUE TO RETALIATION AGAINST PLAINTIFF.

45. DEFENDANT MARTIN NEVER DID RESPOND TO PLAINTIFF'S LETTER CONCERNING COMMISSARY DUE TO RETALIATION AGAINST PLAINTIFF.

46. DUE TO DEFENDANTS REARDON AND MARTIN REFUSING TO RESPOND TO PLAINTIFF GRIEVANCE AND LETTER PLAINTIFF SUBMITTED HIS JULY 1, 2005 GRIEVANCE TO THE ADMINISTRATIVE REVIEW BOARD WHICH REFUSED TO PROCESS PLAINTIFF'S ISSUES, SEE EXHIBITS E & F.

FOU: 4 NOTICE PLAINTIFF'S GRIEVANCES TO THE ADMINISTRATIVE REVIEW BOARD STATE PLAINTIFF'S TIMELY FILED GRIEVANCES WERE NOT RESPONDED TO BY DEFENDANT REARDON.

DEFENDANTS SMITH-VASQUEZ, WALLER, MC DANIEL, REARDON AND MARTIN ALL ACTED UNDER COLOR OF STATE LAW IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES WHEN ALL DEFENDANTS KNOWINGLY WITH A CULPABLE STATE OF MIND RETALIATED AGAINST PLAINTIFF BY DEPRIVING PLAINTIFF COMMISSARY SHOP CONSTITUTING RETALIATORY CRUEL AND UNUSUAL PUNISHMENT UNDER 42 USC 1983 VIOLATING PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION AND 42 USC 1983.

WHEREFORE, PLAINTIFF PRAYS THE HONORABLE COURT FOR JUDGMENT IN HIS FAVOR AGAINST ALL DEFENDANTS AND REQUEST THAT THE COURT GRANT THE FOLLOWING RELIEF;

A. ISSUE A DECLARATORY JUDGEMENT THAT ALL DEFENDANTS VIOLATED THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983.

B. AWARD PLAINTIFF COMPENSATORY DAMAGES OF A SUM OF $10,000 AND PUNITIVE DAMAGES OF A SUM OF $5,000 FROM EACH DEFENDANT.

C. AWARD PLAINTIFF COSTS AND ATTORNEY FEES.

D. AWARD PLAINTIFF ANY OTHER RELIEF THIS COURT DEEMS JUST.

## COUNT IV.
## EQUAL PROTECTION VIOLATION

47. On December 14, 2004 Plaintiff timely submitted a grievance to Defendant Counselor Reardon concerning Plaintiff being subjected to excessive coldness.

48. Defendant Reardon refused to respond to Plaintiff's excessive coldness grievance depriving Plaintiff equal protection of law to petition the government for redress of grievance.

49. On December 28, 2004 Plaintiff timely submitted a grievance to Defendant Counselor Reardon concerning Plaintiff being assaulted by Defendant White with a juice.

50. Defendant Reardon refused to respond to Plaintiff's grievance against Defendant White depriving Plaintiff equal protection of law to petition the government for redress of grievance.

51. On February 9, 2005 Plaintiff timely submitted a grievance to Defendant Counselor Reardon concerning Plaintiff being deprived commissary shop.

52. Defendant Reardon refused to respond to Plaintiff's being deprived commissary grievance depriving Plaintiff equal protection of law to petition the government for redress of grievance.

DEFENDANT REARDON ACTED UNDER COLOR OF STATE LAW IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES WHEN HE UNLAWFULLY IN A RETALIATORY AND PREJUDICE MANNER DEPRIVED PLAINTIFF EQUAL PROTECTION OF LAW TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCE VIOLATING PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983. PLAINTIFF ALSO ARGUE THAT DEFENDANT REARDON REFUSAL TO RESPOND TO PLAINTIFF'S GRIEVANCES IS ALSO AN FORM OF DENYING PLAINTIFF ACCESS TO THE COURT WITH HOPE OF A FAILURE TO EXHAUST CLAIM. DENYING PLAINTIFF ACCESS TO THE COURT IS A FIRST AMENDMENT RIGHT VIOLATION TO THE UNITED STATES CONSTITUTION.

WHEREFORE, PLAINTIFF PRAYS THE HONORABLE COURT FOR JUDGMENT IN HIS FAVOR AGAINST DEFENDANT REARDON AND REQUEST THAT THE COURT GRANT THE FOLLOWING RELIEF;

A. ISSUE A DECLARATORY JUDGMENT THAT DEFENDANT REARDON VIOLATED THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983.

B. AWARD PLAINTIFF COMPENSATORY DAMAGES OF A SUM OF $5,000 AND PUNITIVE DAMAGES OF A SUM OF $2,000 FROM DEFENDANT REARDON.

C. AWARD PLAINTIFF COSTS AND ATTORNEY FEES.

D. AWARD PLAINTIFF ANY OTHER RELIEF THE COURT DEEMS JUST.

## COUNT V.

### AGGRAVATED BATTERY / CRUEL AND UNUSUAL PUNISHMENT

53. ON APRIL 24, 2005 DURING THE 3-11 SHIFT DEFENDANT OFFICER HARRIS INFORMED PLAINTIFF THAT PLAINTIFF HAD TO GO TO THE HEALTH CARE UNIT.

54. DEFENDANT HARRIS HANDCUFFED PLAINTIFF'S HAND BEHIND PLAINTIFF'S BACK.

55. AS DEFENDANT HARRIS ESCORTED PLAINTIFF TO THE HEALTH CARE UNIT DEFENDANT HARRIS BEGAN TWISTING PLAINTIFF'S WRIST AND THUMB CAUSING PLAINTIFF EXTREME PAIN.

56. PLAINTIFF ASKED DEFENDANT HARRIS TO STOP TWISTING PLAINTIFF'S WRIST AND THUMB.

57. DEFENDANT HARRIS CONTINUED TO TWIST PLAINTIFF'S WRIST AND THUMB CAUSING PAIN FROM THE NORTH UNIT ALL THE WAY TO THE HEALTH CARE UNIT

58. DEFENDANT HARRIS CAUSING PLAINTIFF UNNECESSARY AND WANTON INFLICTION OF PAIN WAS AN ACT OF RETALIATION.

59. ON APRIL 25, 2005 THE FOLLOWING DAY PLAINTIFF SUBMITTED A GRIEVANCE TO COUNSELOR REARDON CONCERNING DEFENDANT HARRIS TWISTING PLAINTIFF'S WRIST AND THUMB AND DEFENDANT REARDON ALSO REFUSED TO RESPOND TO PLAINTIFF'S GRIEVANCE.

DEFENDANT HARRIS ACTED UNDER COLOR OF STATE LAW IN HIS INDIVIDUAL AND OFFICIAL CAPACITES WHEN HE IN A RETALIATORY MANNER KNOWINGLY WITH A CULPABLE STATE OF MIND MALICIOUSLY INFLICTED UNNECESSARY AND WANTON INFLICTION PAIN TO PLAINTIFF BY TWISTING PLAINTIFF'S WRIST AND THUMB WITH THE INTENT TO CAUSE PAIN AND SUCH ASSAULT CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT VIOLATING PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1982.

WHEREFORE, PLAINTIFF PRAYS THE HONORABLE COURT FOR JUDGMENT IN HIS FAVOR AGAINST DEFENDANT HARRIS AND REQUEST THE COURT TO GRANT THE FOLLOWING RELIEF;

A. ISSUE A DECLARATORY JUDGMENT THAT DEFENDANT HARRIS VIOLATED THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983.

B. AWARD PLAINTIFF COMPENSATORY DAMAGES OF A SUM OF $ 10,000 AND PUNITIVE DAMAGES OF A SUM OF $ 5,000 FROM DEFENDANT HARRIS.

C. AWARD PLAINTIFF COSTS AND ATTORNEY FEES.

D. AWARD PLAINTIFF ANY OTHER RELIEF THE COURT DEEMS JUST.

## COUNT VI.
## RETALIATORY CRUEL AND UNUSUAL PUNISHMENT

59. ON MAY 5, 2005 PLAINTIFF WAS ELIGIBLE TO GO TO THE COMMISSARY BUILDING TO PURCHAS COMMISSARY.

60. DEFENDANT OFFICER COWAN WAS KEYING OUT INMATES TO GO TO COMMISSARY AND DID NOT LET PLAINTIFF OUT THE CELL.

61. PLAINTIFF STATES TO DEFENDANT COWAN THAT PLAINTIFF IS ELIGIBLE TO GO TO COMMISSARY.

62. DEFENDANT COWAN RESPONDED " YOU'RE NOT GOING TO COMMISSARY".

63. PLAINTIFF THEN CALLED DEFENDANT WALLER AND STATED THAT PLAINTIFF IS ELIGIBLE TO GO TO COMMISSARY AND THAT DEFENDANT COWAN WILL NOT LET PLAINTIFF OUT THE CELL.

64. DEFENDANT WALLER RESPONDED "YOU'RE NOT GOING TO COMMISSARY.

65. ON MAY 5, 2005 DEFENDANTS COWAN AND WALLER RETALIATED AGAINST PLAINTIFF BY NOT ALLOWING PLAINTIFF TO GO TO COMMISSARY IN RETALIATION OF PLAINTIFF FILING A PREVIOUS CIVIL COMPLAINT AGAINST 38 MENARD C. C. OFFICIALS.

FN:6 DEFENDANT COWAN IS RELATED TO ONE OF THE 38 DEFENDANTS PLAINTIFF PREVIOUSLY FILED SUIT AGAINST BEING ' ROGER COWAN'.

66. ON MAY 6, 2005 THE FOLLOWING DAY PLAINTIFF STATED TO OFFICER SMITH-VASQUEZ THAT PLAINTIFF WAS NOT ALLOWED TO GO TO COMMISSARY YESTERDAY.

67. OFFICER VASQUEZ RESPONDED "IM NOT SUPRISED".

DEFENDANTS COWAN AND WALLER ACTED UNDER COLOR OF STATE LAW IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES WHEN DEFENDANTS KNOWINGLY WITH A CULPABLE STATE OF MIND RETALIATED AGAINST PLAINTIFF BY DEPRIVING PLAINTIFF COMMISSARY SHOP AND SUCH UNFOLDING OF EVENTS CONSTITUTE RETALIATORY CRUEL AND UNUSUAL PUNISHMENT VIOLATING PLAINTIFFS EIGHTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C.A 1983.

WHEREFORE, PLAINTIFF PRAYS THE HONORABLE COURT FOR JUDGMENT IN HIS FAVOR AGAINST DEFENDANTS COWAN AND WALLER AND REQUEST THAT THE COURT GRANT THE FOLLOWING RELIEF;

A. ISSUE A DECLARATORY JUDGMENT THAT DEFENDANTS COWAN AND WALLER VIOLATED THE UNITED STATES CONSTITUTION AND 42 U.S.C.A. 1983.

B. AWARD PLAINTIFF COMPENSATORY DAMAGES OF A SUM OF $ 10,000 AND PUNITIVE DAMAGES A SUM OF $ 5,000 FROM EACH DEFENDANT.

C. AWARD PLAINTIFF COSTS AND ATTORNEY FEES.

D. AWARD PLAINTIFF ANY OTHER RELIEF THE COURT DEEMS JUST.

## COUNT VII.

### RETALIATORY AGGRAVATED BATTERY / CRUEL AND UNUSUAL PUNISHMENT

68. ON MAY 14, 2005 AFTER DEFENDANT SMITH-VASQUEZ MADE FALSE ALLEGATIONS AGAINST PLAINTIFF, DEFENDANT OFFICER 'MAUE' RUSHED INTO PLAINTIFF'S CELL AND HANDCUFFED PLAINTIFF'S HANDS BEHIND PLAINTIFF'S BACK.

69. DEFENDANT MAUE BEGAN SQUEEZING THE HANDCUFFS TIGHT AROUND PLAINTIFF'S WRIST CAUSING UNNECESSARY AND WANTON INFLICTION OF PAIN TO PLAINTIFF'S WRIST.

70. WHEN DEFENDANT MAUE ESCORTED PLAINTIFF TO THE NORTH 1 EXIT IN AN RETALIATORY MANNER, DEFENDANT MAUE SLAMMED PLAINTIFF'S FRONT BODY INTO THE WALL CAUSING UNNECESSARY AND WANTON INFLICTION OF PAIN TO PLAINTIFF'S CHEST.

71. DEFENDANT MAUE THEN BEGAN TWISTING PLAINTIFF'S WAIST AND THIGHS CAUSING PLAINTIFF UNNECESSARY AND WANTON INFLICTION OF PAIN.

72. DEFENDANT MAUE SQUEEZED AND TWISTED PLAINTIFF'S WAIST AND THIGHS ALL THE WAY FROM NORTH 1 UNIT TO NORTH 2 UNIT CAUSING PLAINTIFF EXTREME PAIN.

73. DEFENDANT MAUE SQUEEZED AND TWISTED THE HANDCUFFS SO HARD THAT BOLT CUTTER HAD TO BE USED TO CUT THE HANDCUFFS OFF PLAINTIFF'S WRIST.

NOTE: DEFENDANT MAUE IS RELATED TO ONE OF THE DEFENDANTS NAMED IN PLAINTIFF'S PREVIOUS CIVIL COMPLAINT AGAINST 38 MENARD OFFICIALS.

DEFENDANT MADE ACTED UNDER COLOR OF STATE LAW IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES WHEN HE KNOWINGLY IN A MALICIOUSLY AND RETALIATORY MANNER EXCESSIVELY SQEEZED HANDCUFFS AROUND PLAINTIFFS WRIST AND SLAMMING PLAINTIFF INTO A WALL CAUSING PLAINTIFF UNNECESSARY AND WANTON INFLICTION OF PAIN. DEFENDANT MADE ALSO WITH INTENT CAUSED PLAINTIFF EXTREME PAIN BY TWISTING PLAINTIFF'S WRIST AND THUMB VIOLATING PLAINTIFF'S RIGHT SECURED BY THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C.A. 1983.

WHEREFORE, PLAINTIFF PRAYS THE HONORABLE COURT FOR JUDGMENT IN HIS FAVOR AGAINST DEFENDANT MADE AND REQUEST THAT THE COURT GRANT THE FOLLOWING RELIEF;

A. ISSUE A DECLARATORY JUDGMENT THAT DEFENDANT MADE VIOLATED THE UNITED STATES CONSTITUTION AND 42 U.S.C.A. 1983.

B. AWARD PLAINTIFF COMPENSATORY DAMAGES OF A SUM OF $ 15,000 AND PUNITIVE DAMAGES OF A SUM OF $ 5,000 FROM DEFENDANT MADE.

C. AWARD PLAINTIFF COSTS AND ATTORNEY FEES.

D. AWARD PLAINTIFF ANY OTHER RELIEF THE COURT DEEMS JUST.

## COUNT VIII.

## RETALIATORY DAMAGE TO PROPERTY WHILE ACCORDING TO ESTABLISHED STATE PROCEDURAL PROCESS

74. ON MAY 14, 2005 WHILE PLAINTIFF WAS IN NORTH 1 CELL 208 WERE N'T ANY OF PLAINTIFF'S PERSONAL PROPERTY DAMAGED OR MISSING. ( PRIOR TO SMITH-VASQUEZ REPORT AGAINST PLAINTIFF ).

75. ON MAY 14, 2005 DEFENDANT SMITH-VASQUEZ SUBMITTED A FALSE DISCIPLINARY REPORT AGAINST PLAINTIFF.

76. DEFENDANT SMITH-VASQUEZ STATED TO PLAINTIFF THAT PLAINTIFF IS GOING TO SEGREGATION.

77. WHEN PLAINTIFF WAS TAKEN TO SEGREGATION ALL PLAINTIFF'S PROPERTY REMAINED IN NORTH 1 CELL 208.

78. RECORDS REFLECT THAT DEFENDANTS SMITH-VASQUEZ, JASON VASQUEZ AND OFFICER JOHN DOE ENTERED CELL 208 TO INVENTORY PLAINTIFF'S PROPERTY. SEE EXHIBIT G.

79. ON MAY 26, 2005 WHILE IN SEGREGATION PLAINTIFF RECEIVED A PORTION OF PLAINTIFF'S PROPERTY.

80. PLAINTIFF DISCOVERED THAT A HOLE HAD BEEN BROKENED INTO THE BACK OF PLAINTIFF'S FAN AND THAT PLAINTIFF'S TV CABLE AND EXTENSION CORD WAS MISSING.

81. PLAINTIFF'S EYE GLASSES HAD ALSO BEEN BENDED OUT OF SHAPE.

82. THE INVENTORY SHEET BY DEFENDANTS SMITH-VASQUEZ, JASON VASQUEZ AND JOHN DOE DID NOT LIST PLAINTIFF'S TV CABLE AND EXTENSION CORD WHICH PLAINTIFF NEVER SEEN AGAIN VIOLATING ILLINOIS ADMINISTRATIVE CODE SECTION 535.90.

83. PLAINTIFF'S TELEVISION AND CASSETTE TAPE WERE BEING STORAGED IN THE PROPERTY BUILDING.

84. ON JUNE 3, 2005 PLAINTIFF SUBMITTED GRIEVANCES TO COUNSELAR SUMMERS ONE RELATING TO PLAINTIFF'S DAMAGED AND MISSING PROPERTY.

85. ON JUNE 3, 2005 PLAINTIFF PERSONALLY SHOWED COUNSELAR SUMMERS THE HOLE IN PLAINTIFF'S FAN AND PLAINTIFF'S BENDED GLASSES.

86. PLAINTIFF ALSO ASKED COUNSELOR SUMMERS TO GO TO PROPERTY AND SEE IF PLAINTIFF'S TELEVISION AND CASSETTE TAPES BEEN DAMAGE WHICH SHE NEVER RESPONDED TO.

87. JUNE 2005 A INMATE THAT HAD BEEN IN NORTH 1 WITH PLAINTIFF HAD BEEN PLACED IN NORTH 2 WITH PLAINTIFF.

88. THE INMATE INFORMED PLAINTIFF THAT AFTER PLAINTIFF WAS TAKEN TO SEGREGATION DEFENDANTS SMITH-VASQUEZ JASON VASQUEZ AND A UNKNOWN OFFICER ENTERED CELL 208 WHERE PLAINTIFF'S PROPERTY WAS.

89. THE INMATE INFORMED PLAINTIFF THAT WHILE DEFENDANTS SMITH-VASQUEZ, JASON VASQUEZ AND JOHN DOE WAS IN THE CELL HE AND OTHER INMATES HEARD PLAINTIFF'S PROPERTY BEING DAMAGED.

90. ON JULY 15, 2005 PLAINTIFF WAS INFORMED BY OFFICER 'ANDERSON' THAT PLAINTIFF WAS BEING TRANSFERRED TO ANOTHER CORRECTIONAL FACILITY AND ALL PLAINTIFF'S PROPERTY WAS REMOVED FROM PLAINTIFF'S CELL.

91. PLAINTIFF STATED TO OFFICER ANDERSON THAT PLAINTIFF IS ENTITLED TO BE PRESENT DURING THE INVENTORY PROCESS OF PLAINTIFF'S PROPERTY.

92. OFFICER ANDERSON RESPONDED THAT OFFICER 'HOFFMAN' IS AWARE THAT PLAINTIFF IS ENTITLED TO BE PRESENT BUT HOFFMAN SAID DO NOT BRING PLAINTIFF TO THE PROPERTY BUILDING.

93. DEFENDANT HOFFMAN INVENTORIED PLAINTIFF'S PROPERTY WITHOUT PLAINTIFF BEING PRESENT VIOLATING ILLINOIS ADMINISTRATIVE CODE SECTION 535.90. SEE EXHIBIT H.2. WHERE X IS LOCATED.

94. DEFENDANTS SMITH-VASQUEZ, JASON VASQUEZ AND JOHN DOE OPPRESSIVELY DAMAGED AND TOOK SOME OF PLAINTIFF'S PROPERTY DURING STATE PROCEDURAL PROCESSING VIOLATING PLAINTIFF'S PROCEDURAL DUE PROCESS.

95. DEFENDANT BRENT HOFFMAN IN A RETALIATORY MANNER OPPRESSIVELY DEPRIVED PLAINTIFF HIS RIGHT TO BE PRESENT DURING THE INVENTORY OF PLAINTIFF'S PROPERTY VIOLATING PLAINTIFF'S PROCEDURAL DUE PROCESS.

96. WHEN PLAINTIFF ARRIVED AT STATEVILLE PLAINTIFF DISCOVERED THAT PLAINTIFF'S TELEVISION HAD MULTIPLE CRACK DAMAGE AND THAT PLAINTIFF'S CASSETTE TAPE HAD BEEN CRACKED AND SMASHED.

FN: 8 DEFENDANT HOFFMAN WAS A DEFENDANT IN PLAINTIFF'S PREVIOUS CIVIL COMPLAINT AGAINST MENARD OFFICIALS AND PLAINTIFF HAD TESTIFIED AGAINST HOFFMAN IN A COURT OF CLAIMS CASE ON JULY 5, 2005 RELATING TO AN UNRELATED CASE.

DEFENDANTS RACHEL SMITH-VASQUEZ, JASON VASQUEZ, JOHN DOE AND BRENT HOFFMAN ALL ACTED UNDER COLOR OF STATE LAW IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES WHEN ALL DEFENDANTS KNOWINGLY RETALIATED AGAINST PLAINTIFF MALICIOUSLY, OPPRESSIVELY AND ABUSIVELY DAMAGING AND MISHANDLING PLAINTIFF'S PERSONAL PROPERTY AND DEPRIVING PLAINTIFF HIS RIGHT TO BE PRESENT DURING INVENTORY PROCESSING OF PLAINTIFF'S PROPERTY DURING ESTABLISHED STATE PROCEDURAL PROCESSING VIOLATING PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983.

WHEREFORE PLAINTIFF PRAYS THE HONORABLE COURT FOR JUDGMENT IN HIS FAVOR AND GRANT PLAINTIFF THE FOLLOWING RELIEF;

A. ISSUE A DECLARATORY JUDGMENT THAT ALL DEFENDANTS VIOLATED STATE PROCEDURAL DUE PROCESS, THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983.

B. AWARD PLAINTIFF COMPENSATORY DAMAGES OF A SUM OF $10,000 AND PUNITIVE DAMAGES OF A SUM OF $5,000 FROM EACH DEFENDANT.

C. AWARD PLAINTIFF COSTS AND ATTORNEY FEES.

D. AWARD PLAINTIFF ANY OTHER RELIEF THE COURT DEEMS JUST.

## COUNT IX
## EQUAL PROTECTION VIOLATION

97. ON JUNE 3, 2005 PLAINTIFF PERSONALLY HANDED DEFENDANT REGINA SUMMERS THREE GRIEVANCES.

98. THE GRIEVANCES WERE RELATED TO PLAINTIFF'S PROPERTY BEING DAMAGED AND MISSING AND PLAINTIFF BEING ASSAULTED BY DEFENDANTS HARRIS AND MAUE.

99. DEFENDANT COUNSELOR SUMMERS ONLY RESPONDED TO PLAINTIFF'S PROPERTY GRIEVANCE REFUSING TO RESPOND TO PLAINTIFF'S TWO ASSAULT GRIEVANCES VIOLATING PLAINTIFF EQUAL PROTECTION OF LAW TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCE.

100. DUE TO COUNSELORS AND WARDENS NOT RESPONDING TO PLAINTIFF'S GRIEVANCES ON JUNE 21, 2005 PLAINTIFF MAILED THREE GRIEVANCES AND AFFIDAVIT DIRECTLY TO THE ADMINISTRATIVE REVIEW BOARD.

101. THE ADMINISTRATIVE REVIEW BOARD RETURNED PLAINTIFF'S GRIEVANCES REFUSING TO PROCESS PLAINTIFF'S GRIEVANCES. SEE EXHIBITS A,B,C,D,I & J .

102. ON JULY 3, 2005 PLAINTIFF SUBMITTED ANOTHER TWO GRIEVANCES TO DEFENDANT SUMMERS, ONE FOR BEING DEPRIVED COMMISSARY AND ONE AGAINST COUNSELOR REARDON FOR REFUSING TO RESPOND TO PLAINTIFF'S GRIEVANCES.

103. DEFENDANT SUMMERS CLAIMED PLAINTIFF'S GRIEVANCES WAS NOT TIMELY FILED.

DEFENDANT REGINA SUMMERS ACTED UNDER COLOR OF STATE LAW IN HER INDIVIDUAL AND OFFICIAL CAPACITIES WHEN SHE KNOWINGLY IN A RETALIATORY MANNER AS WELL AS PREJUDICE DEPRIVED PLAINTIFF EQUAL PROTECTION OF LAW TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES VIOLATING PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983. PLAINTIFF ALSO STATE THAT DEFENDANT SUMMERS REFUSAL TO RESPOND TO PLAINTIFF'S GRIEVANCES IS ALSO A FORM OF DENYING PLAINTIFF ACCESS TO THE COURT WITH A HOPE OF FAILURE TO EXHAUST CLAIM VIOLATING PLAINTIFF'S FIRST AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION.

WHEREFORE, PLAINTIFF PRAYS THE HONORABLE COURT FOR JUDGMENT IN HIS FAVOR AGAINST DEFENDANT REGINA SUMMERS AND REQUEST THAT THE COURT GRANT THE FOLLOWING RELIEF;

A. ISSUE A DECLARATORY JUDGMENT THAT DEFENDANT SUMMERS VIOLATES THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983.

B. AWARD PLAINTIFF COMPENSATORY DAMAGES OF A SUM OF $5,000 AND PUNITIVE DAMAGES A SUM OF $2,000 FROM DEFENDANT SUMMERS.

C. AWARD PLAINTIFF COSTS AND ATTORNEY FEES.

D. AWARD PLAINTIFF AND OTHER RELIEF THE COURT DEEMS JUST.

FN:9   ON SEPTEMBER 20, 2006 PLAINTIFF WAS TRANSFERRED BACK TO MENARD AND SINCE THEN HAVE BEEN VERBALLY ABUSED BY SOME MENARD OFFICIALS.

COUNT X.

## CONSPIRACY

DUE TO PLAINTIFF'S PRIOR CIVIL COMPLAINT AGAINST MENARD CORRECTIONAL CENTER OFFICIALS DEFENDANTS RACHEL SMITH VASQUEZ, LIEUTENANT WALLER, SERGEANT McDANIEL, WILLIAM SPILLER, OFFICER WHITE, ALAN MARTIN, COUNSELOR REARDON, OFFICER HARRIS, OFFICER COWAN, OFFICER MAUE, JASON VASQUEZ, OFFICER JOHN DOE, OFFICER BRENT HOFFMAN AND REGINA SUMMERS ALL ACTED UNDER COLOR OF STATE LAW WHEN ALL DEFENDANTS KNOWINGLY WITH CULPABLE STATE OF MINDS CONSPIRED TO SUBJECT PLAINTIFF TO EXCESSIVE COLDNESS, PHYSICAL ABUSE, DEPRIVATION OF COMMISSARY, DEPRIVATION OF PROCEDURAL DUE PROCESS, DESTRUCTION OF PROPERTY, DEPRIVATION OF EQUAL PROTECTION OF LAW TO PETITION THE COURT FOR REDRESS OF GRIEVANCE AND DEPRIVATION OF ACCESS TO THE COURT. ALL DEFENDANTS OBVIOUS DISLIKING TOWARD PLAINTIFF CAUSED THE AGREEMENT AMONG ALL DEFENDANTS TO SUBJECT PLAINTIFF TO THE COMBINATION OF CONSTITUTIONAL VIOLATIONS ABOVE AND SUCH MALICIOUS AND CRUEL JOINT ACTIONS BY THE DEFENDANTS CONSTITUTE CIVIL CONSPIRACY UNDER 42 U.S.C. SECTION 1983.

WHEREFORE, PLAINTIFF PRAYS THE HONORABLE COURT FOR JUDGMENT IN HIS FAVOR AGAINST ALL DEFENDANTS AND REQUEST THAT THE FOLLOWING RELIEF BE GRANTED.

A. ISSUE A DECLARATORY JUDGMENT THAT ALL DEFENDANTS VIOLATED CIVIL CONSPIRACY UNDER 42 U.S.C. SECTION 1983.

B. AWARD PLAINTIFF COMPENSATOR DAMAGES OF A SUM OF $ 20,000 AND PUNITIVE DAMAGES OF A SUM OF $ 10,000 FROM EACH DEFENDANT.

C. AWARD PLAINTIFF COSTS AND ATTORNEY FEES.

D. AWARD PLAINTIFF ANY OTHER RELIEF THE COURT DEEMS JUST.

**V.     REQUEST FOR RELIEF**

State exactly what you want the Court to do for you.  If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example:  illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

A.  AWARD PLAINTIFF AT LEAST A TOTAL OF $ 50,000

B.  ISSUE AN INJUNCTIVE RELIEF TO ORDER PLAINTIFF
TRANSFERRED FROM MENARD CORRECTIONAL CENTER.

**VI.     JURY DEMAND** *(check one box below)*

The plaintiff does ☒     does not ☐     request a trial by jury.  *(See* Fed.R.Civ.P. 38.)

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned, certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure.   The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

The plaintiff hereby requests the Court issue all appropriate service and/or notices to the defendant(s).

Signed this 13 day of NOVEMBER , 20 06 .

_____
Clarence Doo
Signature of Plaintiff

_____
Signature of attorney, if any

Rev. 2/00

32