## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARENCE DACE, Inmate #N22471, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RACHEL SMITH-VASQUEZ, LT. )<br>WALLER, SGT. McDANIEL, WILLIAM )<br>SPILLER, C/O WHITE, ALAN MARTIN, )<br>COUNSELOR REARDON, C/O HARRIS, )<br>C/O COWAN, C/O MAUE, JASON )<br>VASQUEZ, JOHN DOE, C/O HOFFMAN, )<br>and REGINA SUMMERS, )<br>)<br>Defendants. ) | CIVIL NO. 06-992-DRH |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. ***The Court notes that the designation of these counts does not correspond directly to the counts enumerated by Plaintiff in the complaint.*** The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

COUNT 1:    Against Defendants Smith-Vasquez, Waller, McDaniel, Reardon, and Spiller for excessively cold conditions in the protective custody unit.

COUNT 2:    Against Defendant White for unconstitutional use of excessive force.

COUNT 3:    Against Defendants Smith-Vasquez and Cowan for denying Plainiff's commissary privileges.

COUNT 4:    Against Defendant Harris for unconstitutional use of excessive force.

COUNT 5:    Against Defendant Maue for unconstitutional use of excessive force.

COUNT 6:    Against Defendants Smith-Vasquez, Jason Vasquez, and Hoffman for damaging or destroying his personal property.

COUNT 7:    Against all defendants for failing to respond to his grievances.

COUNT 8:    Against all defendants for improper retaliation.

COUNT 9:    Against all defendants for civil conspiracy.

## COUNT 1

For three weeks in December 2004, Plaintiff and other inmates in his gallery were subjected to excessively cold temperatures when the heating system was out of order. Plaintiff complained

to Defendants Smith-Vasquez, Waller, McDaniel, Reardon, and Spiller about the cold conditions, but nothing was done to provide heat. Plaintiff states that the cold was unbearable even while wearing many layers of clothing and wrapping himself in the only blanket he had.

Prisoners have an Eighth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997). To assess whether cold cell temperatures constitute cruel and unusual punishment, courts must consider factors including "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Id.* at 644; *see also Palmer v. Johnson*, 193 F.3d 346 (5th Cir. 1999) (finding that exposure to extreme cold for 17 hours could constitute Eighth Amendment violation); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in extreme cold could constitute Eighth Amendment violation). The cold need not present an imminent threat to the inmate's health to implicate the Eighth Amendment. *See Dixon*, 114 F.3d at 642. Based on these legal standards, Plaintiff has stated an Eighth Amendment claim regarding the excessive cold. Plaintiff may proceed on Count 1 against Defendants Smith-Vasquez, Waller, McDaniel, Reardon, and Spiller.

### COUNT 2

On December 28, 2004, Defendant White was serving breakfast to inmates in protective custody. Plaintiff told Defendant White that he did not want a breakfast tray, but only wanted juice. Plaintiff alleges that Defendant White then threw a carton of juice at Plaintiff, hitting him in the stomach, and causing sharp pain. Defendant White then threatened to throw another juice at Plaintiff. Plaintiff argues that this constituted the unnecessary use of excessive force in violation

of the Eighth Amendment.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

The use of force Plaintiff has described falls into the de minimis category exempt as actionable under the Eighth Amendment. Although the Court does not condone the alleged actions of Defendant White, his behavior does not constitute the type of force contemplated by the Eighth Amendment. Accordingly, Count 2 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

## COUNT 3

Plaintiff states that on February 4, 2005, Defendant Smith-Vasquez, on orders of Defendants Waller and McDaniel, would not let him out of his cell to go to commissary, even though he was

eligible to do so.  Plaintiff also states that on May 5, 2005, Defendants Cowan and Waller again denied him access to the commissary, even though he was eligible.

Inmates have no liberty interest in denial of commissary privileges.  *See Thomas v. Ramos,* 130 F.3d 754, 762 n.8 (7th Cir. 1997).  As such, no constitutional violation occurred when Plaintiff was not allowed to go to the commissary on those dates.  Accordingly, Count 3 is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. § 1915A.

## COUNT 4

Plaintiff states that on April 24, 2005, Defendant Harris escorted Plaintiff to the healthcare unit.  Defendant Harris handcuffed Plaintiff's hands behind his back and twisted his wrist and thumb, causing "extreme" pain.  Defendant Harris continued to twist his wrist and thumb, even after Plaintiff asked him to stop.

Based on the legal standards described in Count 2, above, the Court finds that Plaintiff has failed to state a claim of excessive force based on these facts.  The Court believes that Plaintiff did suffer some pain as a result of Defendant Harris's use of the handcuffs, again, this is not the type of force contemplated by the Eighth Amendment.  Accordingly, Count 4 is **DISMISSED** from the action with prejudice.  *See* 28 U.S.C. § 1915A.

## COUNT 5

Plaintiff states that on May 14, 2005, Defendant Maue rushed into his cell and handcuffed him, squeezing the handcuffs so tightly as to cause unnecessary and wanton pain.  Defendant Maue then slammed Plaintiff into the wall, causing chest pain, and twisted his wrist and thumb inside the handcuffs, causing pain.  Defendant Maue applied the handcuffs so tightly that a bolt cutter had to be used to cut them off of Plaintiff's wrists.

Although the facts here are similar to those described in Count 4, the Court believes that Plaintiff has stated a claim of excessive force upon the facts in Count 5.  Here, in addition to utilizing tight handcuffs, Plaintiff states that Defendant Maue slammed him into wall unjustifiably, and tightened the handcuffs to the point that they had to be removed with bolt cutters.  Based on these facts and the legal standards described in Count 2, above, Plaintiff may proceed on Count 5 of the complaint against Defendant Maue.

COUNT 6

Plaintiff states that on May 14, 2005, Defendant Smith-Vasquez submitted a false disciplinary report against him that caused him to be sent to segregation.  Defendants Smith-Vasquez and Jason Vasquez conducted an inventory of Plaintiff's property after Plaintiff had been transported to segregation.  When Plaintiff received his property, there was a hole in his fan, his eyeglasses were bent out of shape, and his TV cable and extension cord were missing.  Plaintiff filed grievances about the damaged and missing property, but the items were not replaced.  Shortly thereafter, Plaintiff was transferred to another institution, and he was not allowed to be present when Defendant Hoffman inventoried his property, as he is entitled to be under department rule.  When he arrived at his destination, Stateville Correctional Center, he discovered that his television and cassette tapes were damaged.

The only constitutional right that might be implicated by these facts is plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law.  To state a claim under the due process clause of the Fourteenth Amendment, plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517,

530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, plaintiff has no claim under Section 1983. Count 6 is therefore **DISMISSED** from the action. *See* 28 U.S.C. § 1915A.

## COUNT 7

Under each of these counts, and later as a separate count, Plaintiff states that his constitutional rights have been violated in that he filed grievances regarding the events outlined in Counts 1 through 6, and these grievances were either ignored, or he received no remedy for the wrongs described therein.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Based on these legal standards, Plaintiff has failed to state any claims regarding the failure to respond to or the denial of his grievances. Accordingly, Count 7 is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

## COUNT 8

Plaintiff states that each action described in Counts 1 through 7 was taken in retaliation for a prior lawsuit and grievances he submitted complaining about his conditions of confinement. Specifically, Plaintiff states that each of the following constituted acts or retaliation. Defendant

Smith-Vasquez, Waller, McDaniel, Reardon, and Spiller refused to provide heat to his gallery. Defendant White threw a carton of juice at him. Defendants Smith-Vasquez, Waller, McDaniel, and Cowan denied him access to the commissary. Defendant Harris caused unnecessary and wanton pain by twisting his wrist in his handcuffs. Defendant Maue handcuffed him too tightly and shoved him up against a wall. Defendants Smith-Vasquez, Jason Vasquez, and Brent Hoffman damaged and confiscated his personal property without compensation. Defendants Summers, Reardon, and Martin refused to process or respond to his grievances.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* Based on these legal standards, Plaintiff may proceed on Count 8 of the complaint against Defendants Smith-Vasquez, Waller, McDaniel, Reardon, Spiller, White, Harris, Cowan, Maue, Jason Vasquez, Hoffman, Summers, and Martin.

## COUNT 9

Finally, Plaintiff states that all Defendants–Smith-Vasquez, Waller, McDaniel, Spiller, White, Martin, Reardon, Harris, Cowan, Maue, Vasquez, John Doe, Hoffman, and Summers–conspired to subject Plaintiff to excessive coldness, physical abuse, deprivation of commissary, deprivation of procedural due process, destruction of property, and deprivation of the

right to petition the court for redress of grievances.

Civil conspiracy claims are cognizable under section 1983.  *See Lewis v. Washington*, 300

F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983).  "[I]t is enough in

pleading a conspiracy to indicate the parties, general purpose, and approximate date."  *Walker v.*

*Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002).  *See also Hoskins v. Poelstra*, 320 F.3d 761, 764

(7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002).  Based on these legal standards,

Plaintiff may proceed against all defendants on Count 9 of the complaint.

**DISPOSITION**

Plaintiff may proceed against Defendants Smith-Vasquez, Waller, McDaniel, Reardon, and

Spiller on Count 1, against Defendant Maue on Count 5, and against all defendants on Counts 8 and

9.  Counts 2, 3, 4, 6, and 7 are **DISMISSED** from the action as specified above.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for

***two John Doe defendants*** within **THIRTY (30) DAYS** of the date of entry of this Memorandum

and Order.[1]  The Clerk is **DIRECTED** to send Plaintiff **2** USM-285 forms with Plaintiff's copy of

this Memorandum and Order.  **<u>Plaintiff is advised that service will not be made on a defendant</u>**

**<u>until Plaintiff submits a properly completed USM-285 form for that defendant.</u>**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver

of Service of Summons) and Form 1B (Waiver of Service of Summons) for ***Defendants Smith-***

***Vasquez, Waller, McDaniel, Spiller, White, Martin, Reardon, Cowan, Maue, Jason Vasquez,***

***Hoffman, and Summers***.  The Clerk shall forward those forms, USM-285 forms submitted by

---

[1]The Court's docket indicates that Plaintiff has already forwarded to the court USM-285 forms for all other defendants.

Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on ***Defendants Smith-Vasquez, Waller, McDaniel, Spiller, White, Martin, Reardon, Cowan, Maue, Jason Vasquez, Hoffman, and Summers*** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. ***Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is ADVISED that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.***

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the

request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566©.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©, *should all the parties*

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

### PENDING MOTIONS

Currently pending before the Court are Plaintiffs motions for temporary restraining order and preliminary injunction (Doc. 4), Motion to amend complaint (Doc. 5), Motion requesting an order that the Illinois Department of Corrections not transfer Plaintiff to Menard Correctional Center (Doc. 6), and Motion to inform the Court of Defendants' conspiracy to obstruct evidence (Doc. 7).

### MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.  *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Plaintiff also seeks issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than ten days.  A TRO may issue without notice

- 12 -

only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b).

Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that neither a preliminary injunction nor a temporary restraining order should issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.

Moreover, federal courts must exercise equitable restraint in when asked to take over the administration of a prison, something that is best left to correctional officials and their staff.

**IT IS THEREFORE ORDERED** that the motion  for issuance of a preliminary injunction or temporary restraining order (Doc. 4) is **DENIED**.

<u>MOTION TO AMEND THE COMPLAINT</u>

Currently pending before the Court is Plaintiff's motion to amend his complaint to change the named Defendant Harris to John Doe, because Plaintiff has learned that the officer whose actions are described in Count 4 is not Defendant Harris.  This motion (Doc. 5) is **GRANTED**.  Defendant Harris is **DISMISSED** from the action.  ***Plaintiff is informed, however, that it is his responsibility to provide the Court with the name and service address for this individual on a properly-submitted USM-285 form.  Service will not be made on this John Doe defendant until Plaintiff has done so.***

<u>MOTION THAT THE COURT ORDER THE ILLINOIS DEPARTMENT OF CORRECTIONS NOT TO TRANSFER PLAINTIFF TO MENARD CORRECTIONAL CENTER</u>

Plaintiff requests that the IDOC be ordered not to transfer him to Menard Correctional

- 13 -

Center.  This request seeks that the Court provide equitable relief, similar to a preliminary injunction or temporary restraining order.  As noted above, federal Courts must exercise equitable restraint when being asked, in essence, to take over the administrative responsibilities of running the prison system.  Plaintiff's allegations in this motion do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.  Accordingly, this motion (Doc. 6) is **DENIED**.

### MOTION TO INFORM THE COURT OF DEFENDANTS' CONSPIRACY TO OBSTRUCT EVIDENCE

Although entitled a motion, this document does not request that the Court take any action. It merely provides additional allegations regarding the purported conspiracy against Plaintiff described in Count 9, above.  Accordingly, this "motion" (Doc. 7) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   May 2, 2007**

/s/   David  RHerndon
**DISTRICT JUDGE**

- 14 -